*322 OPINION of the Court, by
Judge Owsxey.
Wade having obtained a judgment before a j ustice of the peace against Jeff, the cause was brought before the circuit court by an appeal. Wade then filed a declaration in assumpsit, whereby he clafois of Jeff so much as he reasonably deserved to have, for work and labor previously done and performed by him for Jeff, at his special instance and r quest. Jeff pleaded non assumpsit, and issue being joined thereto, a jury was empamrclled, and on the trial it was proven that Jeff had won about $ 50 of Wade, which was to have been paid ⅛ work ; and that whilst Wade was doing the work for which the suit was brought, he acknowledged that he was doing it in discharge of the debt to Jeff, and that after the evidence' was all gone through, the court instructed the jury that unless Jeff could prove that after the work was done, measured and v alued, Wade had agreed it should go in discharge of the gaming debt, they ought to find for Wade. The jury accordingly found for Wade, and judgment *323 being entered thereon, Jeff has brought the cause before this court by writ of error.
The instructions of the court below were most clearly erroneous.
There can be no question but what Wade should have proven the performance of the work, under circumstances which would have raised a promise on the part of Jeff, before the jury could regularly have found a ver-diet in his favor. .
Whether the work was so performed, formed an inquiry exclusively proper for the determination of the jury ; and as the instructions of the court drew from the jury that inquiry, by making their finding for Wade depend exclusively upon evidence to be produced by Jeff, in that respect, were they liable to no other objection, the instructions were evidently improper. But we cannot in any point of view perceive why Jeff should be required to prove that Wade after the work was done, agreed it should go in discharge of his debt: for as Jeff must have been proven either expressly or by implica, tion to have promised to pay for the work, an agreement by Wade before the work, was done, that it should go in discharge of the debt which he was owh g Jeff, would certainly have repelled any implied promise, which might otherwise have arose ; and as no express promise was proven, would consequently have precluded the jury from finding for Wade.
The judgment reversed with costs, the cause remanded, &c.